

AMON, CH.J.

RECEIVED
JAN 21 2016
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLOOM, M.J.

------------------------------------------------------X

BISHME ALLAH,

                             Plaintiff,

              -against-

The STATE OF NEW YORK; PAMELA LEIGH
BISHOP, an Assistant District Attorney; MARY R.
O'DONOGHUE, a Judge for the Family Court of the
State of New York, County of Queens; The CITY OF
NEW YORK; GLADYS CARRION, Commissioner of
the New York City Administration for
Children's Services; WILLIAM J. BRATTON,
Commissioner of the New York City Police Department;
JOHN PHELAN, a Detective for the New York City
Police Department; MARGARET ADEYELE, a Child
Protective Specialist Supervisor for the New York City
Administration for Children's Services, DAPHNE
ALTEMA, a Child Protective Specialist Supervisor for the
New York City Administration for Children's Services;
BAAJNARINE SINGH, a Child Protective Specialist for
the New York City Administration for Children's Services;
TERRI WALKER, a Child Protective Manager for the
New York City Administration for Children's Services;
NORTH SHORE- LONG ISLAND JEWISH HEALTH
SYSTEM; MICHAEL J. DOWLING, President and
Chief Executive Officer for the North Shore- Long Island
Jewish Health System; JAMIE HOFFMAN-ROSENFELD,
a Physician for the North Shore- Long Island Jewish
Health System,

                           Defendants.

------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 16        333

Plaintiff BISHME ALLAH, hereby bring this action under 42 U.S.C. §§ 1981, 1983,
1985, and 1986 to redress his civil rights and alleges as follows:

1

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff BISHME ALLAH seeks relief from the defendants, who were and are acting under color of law, when depriving him of rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985, 1986 and by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks declaratory relief, injunctive relief, damages, and such further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violations of the plaintiff''s constitutional rights.

3. Venue in this District is proper under 28 U.S.C. § 1391 (b) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

Plaintiff

4. At all relevant times to this action, Plaintiff BISHME ALLAH was a resident of Queens County, New York.

Defendants

5. Defendant CITY OF NEW YORK is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York. The City of New York maintains the New York City Administration for Children's Services (hereinafter referred to as "ACS") and the New York City Police Department as a constituent departments or agencies.

2

6. Defendant GLADY CARRION is the ACS Commissioner for the City of New York, with supervisory authority over all employees and operations of ACS, including the responsibility for training, recruiting, and managing all ACS employees. She is sued in her official capacity.

7. Defendant WILLIAM J. BRATTON is the Police Commissioner for the City of New York, with supervisory authority over all employees and operations of the NYPD, including the responsibility for training, recruiting, and managing all NYPD employees. He is sued in his official capacity.

8. Defendant JOHN PHELAN is or was a Detective employed by the NYPD during all relevant times. He is sued in his official and individual capacity.

9. Defendant TERRI WALKER is or was a Child Protective Manager for ACS during all relevant times that supervised the defendant Child Protective Specialist Supervisors. He is sued in his official and individual capacity.

10. Defendant MARGARET ADEYELE is or was a Child Protective Specialist Supervisor II for ACS during all relevant times that supervised the defendant Child Protective Specialist. She is sued in her official and individual capacity.

11. Defendant DAPHNE ALTEMA is or was a Child Protective Specialist Supervisor for ACS during all relevant times that supervised the defendant Child Protective Specialist. She is sued in her official and individual capacity.

12. Defendant BAAJNARINE SINGH is or was a Child Protective Specialist worker for ACS during all relevant times. He is sued in his official and individual capacity.

13. Defendant MICHELLE GLATT is or was an Attorney for ACS during all relevant times. She is sued in her official and individual capacity.

3

14. Defendant STATE OF NEW YORK maintains the Family Court of the State of New York, County of Queens and the Queens County District Attorney's Office as constituent departments or agencies.

15. Defendant PAMELA LEIGH BISHOP is an Assistant District Attorney for the Queens County District Attorney's Office. She is sued in her official and individual capacity.

16. Defendant NORTH SHORE- LONG ISLAND JEWISH HEALTH SYSTEM (hereinafter referred to as "North Shore-LIJ") maintains and operates the Steven and Alexandra Cohen Children's Medical Center of New York (hereinafter referred to as "Cohen Children's Medical Center"), and takes part in the operation of the Queens Child Advocacy Center.

17. Defendant MICHAEL J. DOWLING is or was the President and Chief Executive Officer of the North Shore-Long Island Jewish Health System. He is sued in his official capacity.

18. Defendant JAMIE HOFFMAN-ROSENFELD is or was a Pediatrician at Cohen Children's Medical Center. Defendant JAMIE HOFFMAN-ROSENFELD maintains offices at Cohen Children's Medical Center and the Queens Child Advocacy Center. She is sued in her official and individual capacity.

## FACTS

19. Plaintiff BISHME ALLAH is and was during all relevant times a Master Social Worker, licensed in the State of New York.

20. Plaintiff BISHME ALLAH does and during all relevant times did reside at 193 Beach 60th Street, Suite 2, Arverne, NY 11692.

21. On the evening of November 10, 2014, a mother that then lived in the same Arverne, NY neighborhood contacted Plaintiff BISHME ALLAH complaining of her temporary inability to

feed her son. Plaintiff BISHME ALLAH agreed to lend the mother money and briefly watched

the child as she went to the convenience store located two blocks from his home.

22. Upon information and belief, the mother arrived at Plaintiff BISHME ALLAH's home at

approximately 6:55 p.m., left to go to the store at approximately 7:05 p.m., then returned to

Plaintiff BISHME ALLAH's home by 7:30 p.m.

23. At approximately 8:30 p.m., the mother brought to Plaintiff BISHME ALLAH's attention

swelling that she observed to the right side of her son's head. Plaintiff BISHME ALLAH then

drove the mother and child to St. John's Episcopal Hospital in Far Rockaway, NY.

24. Plaintiff BISHME ALLAH has never inflicted any injuries on any child, has no personal

knowledge of how this child's injuries were sustained, and did not engage in the use of any illicit

substances- with or without this child's mother.

25. Upon information and belief, on November 10, 2014, while at St. John's Episcopal Hospital,

a medical procedure revealed multiple skull fractures to the child's skull.

26. Upon information and belief, personnel at St. John's Episcopal Hospital notified the NYPD

and an emergency room nurse, made a report to the New York State Central Registry for Child

Abuse and Maltreatment (hereinafter referred to as "SCR").

27. Upon information and belief, in the November 10th, 2014 report to the SCR Plaintiff

BISHME ALLAH was not named as a *Subject of the Report* pursuant to S.O.S. § 412. The Call

Narrative from this report states, "Today, 11/10/14 [Child] sustained swelling to his head and

hemorrhage to his right ear. Child also has a skull fracture. [Child] is cared for by his mother and

his father. The parents are unable to provide an explanation for the child's injury. It is suspected

that [Child's] injuries were inflicted."

5

28. Upon information and belief, the child was subsequently transferred and admitted to North Shore-LIJ Health System's Cohen Children's Hospital (hereinafter referred to as "Cohen Children's Hospital") in New Hyde Park, NY; meanwhile, a multi-disciplinary investigation into the cause of the child's injuries commenced and was by the New York City Police Department's (hereinafter referred to "NYPD") Queens Special Victims Unit, the New York City Administration for Children's Services' (hereinafter referred to as "ACS"), the Queens County District Attorney's Office, and Cohen Children Hospital at the Queens Child Advocacy Center.

29. Upon information and belief, on November 11, 2014, at approximately 3:35 a.m., and after interviewing Plaintiff BISHME ALLAH and the mother of the child, Defendant JOHN PHELAN informed ACS that there was no *probable cause* for any arrest regarding the child's injuries; however, the mother was arrested for an unrelated matter.

30. Upon information and belief, also at this time, upon information and belief, Defendant JOHN PHELAN informed ACS that the mother reported that there were no other children were at her home.

31. Upon information and belief, immediately after the mother was released from detainment, on November 11, 2014, the mother of the child returned to Plaintiff BISHME ALLAH's home and adamantly reiterated that she had not harmed her son; then asked Plaintiff BISHME ALLAH for money for transportation so that she could visit her son in the hospital. Plaintiff BISHME ALLAH gave the mother money for transportation and she left his home.

32. Upon information and belief, on November 11, 2014, after being examined by Defendant JAMIE HOFFMAN-ROSENFELD, along with the hospital social worker. Another report was made to the SCR at approximately 10 a.m. on that day.

6

33. Upon information and belief, in the November 11th report to the SCR, Plaintiff BISHME

ALLAH again was not named as a *Subject of the Report*. The Call Narrative from the report

states, "[Child] has multiple skull fractures, an epidural bleed on the brain and lower abdominal

bruising. [Child] has significant swelling to his head as well. Mother is the sole caretaker and has

a history of drug use and depression."

34. Upon information and belief, on November 12, 2014, the mother provided information to a

service provider, whose documentation is accessible to ACS, regarding her son's hospitalization

and the nature of her non-familial relationship with Plaintiff BISHME ALLAH.

35. Upon information and belief, on November 13, 2014, Defendant JAMIE HOFFMAN-

ROSENFELD met with the mother of the child and neglected to inquire into the history and/or

cause of the child's injuries.

36. Upon information and belief, when determining whether injuries sustained by children were

inflicted versus caused by accidental means, it is imperative that the treating physician obtain

from the parent a history of the child's injuries, the child's recent activities, and their

interpretation of how the child's injuries were sustained.

37. Upon information and belief, on November 13, 2014, Defendant JOHN PHELAN informed

Defendant BAAJNARINE SINGH of the lack of *probable cause* for the arrest of Plaintiff

BISHME ALLAH or the mother.

38. Upon information and belief, New York State's *Social Service Law* affords ACS the lawful

authority to (A) engage in child protective services, including the filing of *Abuse and Neglect*

petitions under Article 10 of New York State's *Family Court Act*, on behalf of children named in

a reported to the SCR of suspected abuse or maltreatment, and (B) against the parents, guardians,

or custodians of children that were named as *Subjects of the Report* to the SCR.

39. Upon information and belief, on November 13, 2014, Defendant DAPHNE ALTEMA made a malicious report to the SCR against Plaintiff BISHME ALLAH. The Call Narrative of the report states, "On 11/11/14 [Child] (age 1) sustained skull fractures, an Epidural bleed on the brain, swelling to his head and lower abdominal bruising. These injuries occurred while he was being cared for by Bishme (parent sub). Prior to the child being injured [mother] and Bishme were using marijuana. [Mother] was aware Bishme was impaired and left [Child] in his care for about 40 minutes knowing he was not capable of doing so. Bishme does not have an explanation as to how the baby was injured."

40. Upon information and belief, on November 17, 2014, Defendants BAAJNARINE SINGH and MICHELLE GLATT maliciously and unlawfully named Plaintiff BISHME ALLAH as a co-respondent of the child's mother in the Article 10 petition filed in the Family Court of the State of New York, County of Queens.

41. Upon information and belief, on November 17, 2014, Defendant MARY R. O'DONOGHUE held an *ex parte* hearing in the absence of Plaintiff BISHME ALLAH, caused the matter to have been designated as *joined*, then issued a Temporary Order of Protection against Plaintiff BISHME ALLAH. The Order stated he was present in Court and advised of the issuance and stipulation of said Order.

42. Upon information and belief, during the November 17th Family Court hearing, ACS obtained an Order removing the child from his mother's care and placing him into kinship foster care.

43. Upon information and belief, ACS preferred that the child be placed in traditional foster care and expressly preferred that the child not be placed with any of the mother's relatives.

8

44. Upon information and belief, Plaintiff BISHME ALLAH was subsequently arrested and criminally prosecuted based upon the Family Court proceedings.

45. Upon information and belief, on November 18, 2014, Defendant JOHN PHELAN arrested Plaintiff BISHME ALLAH in his home without *probable cause* and without an arrest warrant.

46. Upon information and belief, the Criminal Complaint against Plaintiff BISHME ALLAH was based upon (A) the statements of the mother who was known to have had her child removed after ACS asserted in Family Court that her home presented an imminent risk that could not be removed by the issuance of a Temporary Order of Protection, and (B) the findings of Defendant JAMIE HOFFMAN-ROSENFELD who was known to have lacked relevant knowledge of the child's prior multiple hospital visits.

47. Upon information and belief, the Criminal Complaint excluded the child's visits to St. John's Episcopal Hospital's emergency room.

48. Upon information and belief, both Defendant BAAJNARINE SINGH's Family Court petition and Defendant JOHN PHELAN's Criminal Complaint (A) omitted the child's multiple visits to St. John's Episcopal Hospital, (B) created a knowingly false baseline with respect to the child's physical health at the time that he arrived at Plaintiff BISHME ALLAH's home, and (C) stated that the mother brought her child to Plaintiff BISHME ALLAH's home so that she could "run errands"- thereby concealing Defendant BAAJNARINE SINGH's *negligence* for failing to assess the mother's ability to feed her son during his November 10, 2014, home visit.

49. Upon information and belief, on November 19, 2014, Defendant JOHN PHELAN searched and seized property from Plaintiff BISHME ALLAH's home without notifying Plaintiff BISHME ALLAH that he had obtained a search warrant and without providing Plaintiff

9

BISHME ALLAH with a receipt itemizing the property seized from his home.

50. Among the property missing from Plaintiff BISHME ALLAH's home was five pair of boots and thirteen thousand six hundred dollars ($ 13,600) in cash. None of Plaintiff BISHME ALLAH's seized property has ever been returned.

51. Upon information and belief, Defendant PAMELA LEIGH BISHOP prosecuted the criminal case against Plaintiff BISHME ALLAH with full knowledge that there was no existence of *probable cause.*

52. On February 11, 2015, the Queens County Grand Jury, of the New York City Criminal Court, exonerated Plaintiff BISHME ALLAH from the criminal allegations, and dismissed the criminal charges alleging that he inflicted injuries upon the child.

53. On or about February 21, 2015, after Plaintiff BISHME ALLAH presented at physician's office with a blood pressure reading of 210/150, he was informed that he was at imminent risk of suffering from a stroke, prescribed blood pressure medications then referred to mental health counseling to address his symptoms of *Anxiety* and *Sleep deprivation.*

54. In March of 2015, Mr. Allah was diagnosed with suffering from an *Adjustment Disorder* as a direct result of his legal issues.

55. Upon information and belief, on April 14, 2015, Defendant MARY R. O'DONOGHUE, in excess of the discretion afforded by statute, refused to acknowledge the mother's acceptance of ACS's plea offering under FCA § 1051(a) for the injuries sustained by her child; then secretly vacated her previously issued Temporary Orders of Protection against Plaintiff BISHME ALLAH, while openly proclaiming that the Family Court's intervention was still necessary against Plaintiff BISME ALLAH.

56. Upon information and belief, on April 14, 2015, Defendant MICHELLE GLATT informed Defendant MARY R. O'DONOGHUE, in open court, that ACS would establish Plaintiff BISHME ALLAH as a *Person Legally Responsible* for the child by virtue of being the biological father of his daughter.

57. Upon information and belief, and after Plaintiff BISHME ALLAH made his knowledge of the vacating of the Orders known, Defendant MARY R. O'DONOGHUE began issuing a series of Temporary Orders of Protection against Plaintiff BISHME ALLAH, began arbitrarily and capriciously having Plaintiff BISHME ALLAH removed from the court room for attempting to represent himself, and began antagonizing Plaintiff BISHME ALLAH in open court as well as directing ACS to harass the mother of his youngest daughter at her home.

58. Upon information and belief, Defendant MARY R. O'DONOGHUE has been attempting to create the illusion of *just cause* to have Plaintiff BISHME ALLAH placed under arrest.

59. Upon information and belief, in August of 2015 the mother of the child contacted Plaintiff BISHME ALLAH and apologized for the effects that her issues has had on him, his daughter, and his daughter's mother. The mother of the injured child then informed Plaintiff BISHME ALLAH that she had been informed by "the DA" and her "family lawyer" that if she did not cooperate against him that she would have been criminally charged with hurting her child and that she was fearful of her son being permanently raised in foster care as a result of having both of his parents incarcerated.

60. Upon information and belief, on September 28, 2015, Defendant MARY R. O'DONOGHUE again refused to acknowledge the mother's acceptance of ACS' plea offering under FCA § 1051 (a), then informed the parties that she would not accept a plea from the mother without a plea

from Plaintiff BISHME ALLAH.

61. Upon information and belief, on October 7, 2015, defendants MARY R. O'DONOGHUE

held another *ex parte* hearing for which Plaintiff BISHME ALLAH received no notice and was

not present. During this hearing, while in the presence of the mother, Defendant MARY R.

O'DONOGHUE established in sum and substance that the return of the child to her care was

contingent upon the non-party mother's assistance with the "prosecution" of Plaintiff BISHME

ALLAH in the Family Court cases. After Defendant MICHELLE GLATT informed Defendant

MARY R. O'DONOGHUE that the non-party mother's grand jury testimony did not result in an

*indictment*, Defendant MARY R. O'DONOGHUE offered to assist Defendant MIHELLE

GLATT with preparation for the Family Court trials (A) by contacting a supervising official in

the Queens County District Attorney's Office so Defendant MICHELLE GLATT could obtain

access to the sealed grand jury testimonies and (B) instructed Defendant MICHELLE GLATT to

file a *motion* that Defendant MARY R. O'DONOGHUE assured she would grant- in the event

that the backdoor efforts were unsuccessful.

62. Upon information and belief, a forthcoming trial is scheduled to be held on January 26, 2016,

before Defendant MARY R. O'DONOGHUE for the Family Court proceedings that ACS filed,

and Defendant MARY R. O'DONOGHUE commenced and maintained, in violation of the

Plaintiff BISHME ALLAH's rights to *equal protection under the law* and *due process of law*.

63. Upon information, belief, and fear, Defendant MARY R. O'DONOGHUE is determined to

issue a ruling against Plaintiff BISHME ALLAH, in Family Court proceedings that were

maliciously and unlawfully brought by ACS, that were maliciously and unlawfully maintained,

and that would cause further irreparable harm on Plaintiff BISHME ALLAH's career, his ability

to provide for his children, and his physical and psychological wellbeing.

## CAUSES OF ACTION

### FIRST CLAIM: MUNICIPAL LIABILITY

### MONELL CLAIM AGAINST THE CITY OF NEW YORK- 42 U.S.C. § § 1981, 1983, 1985, 1986

64. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

65. The CITY OF NEW YORK directly caused the constitutional violations suffered by the Plaintiffs, and is liable for the damages suffered by the Plaintiffs as a result of the conduct of the Defendant employees of the New York City Administration for Children's Services and the New York City Police Department.

66. At all times relevant to this complaint Defendant CITY OF NEW YORK, by not properly training, supervising, and managing its said employees, engaged in policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendant employees of ACS and the NYPD, and were a direct and proximate cause of the damages and injuries complained of herein.

67. At all times relevant to this complaint Defendant CITY OF NEW YORK, acting through ACS, the NYPD, and through the individual defendant employees, engaged in policies, practices, and/or customs, that promoted the *false arrest, malicious prosecution,* and/or harassment of the Plaintiffs in order to unlawfully and maliciously establish grounds for adding Plaintiff BISHME ALLAH to a report of suspected child abuse and maltreatment in the State Central Registry for which he was not named as a *Subject of the Report* as a matters of fact and law; then use said

13

*false arrest* to unlawfully and maliciously *indicate* said allegations against him in the State Central Registry. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

68. The CITY OF NEW YORK knew or should have known that in instances where children sustain injuries after becoming known to ACS or while under the court-ordered supervision of potentially *negligent* employees, said employees would abuse ACS' prosecutorial and/or executive powers to engage in unconstitutional conduct.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

69. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

70. The STATE OF NEW YORK directly caused and neglected to prevent the constitutional violations suffered by the Plaintiff, and is liable for the injuries suffered by the Plaintiffs as a result of the conduct of the Defendants MARY R. O'DONOGHUE and PAMELA LEIGH BISHOP.

71. At all times relevant to this complaint Defendant STATE OF NEW YORK, by not properly training, supervising, and managing its employee, engaged in policies, practices, and customs that condoned and fostered the unconstitutional conduct of the Defendants MARY R. O'DNOGHUE and PAMELA LEIGH BISHOP and were a direct and proximate cause of the damages and injuries complained of herein.

72. At all times relevant to this complaint Defendant STATE OF NEW YORK, acting through

Defendants MARY R. O'DONOGHUE and PAMELA LEIGH BISHOP engaged in policies, practices, and/or customs, that promoted Defendants MARY R. O'DONOGHUE and PAMELA LEIGH BISHOP's unconstitutional conduct. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## THIRD CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

73. Plaintiffs re-allege and incorporate by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

74. The Defendant NORTH SHORE-LIJ HEALTH SYSTEM directly caused and neglected to prevent the constitutional violations suffered by the Plaintiff, and is liable for the injuries suffered by the Plaintiff as a result of the conduct of the Defendant JAMIE HOFFMAN-ROSENFELD.

75. At all times relevant to this complaint Defendant NORTH SHORE-LIJ HEALTH SYSTEM, by not properly training, supervising, and managing its employee, engaged in policies, practices, and customs that condoned and fostered the negligent and unconstitutional conduct of the Defendant JAMIE HOFFMAN-ROSENFELD and was a direct and proximate cause of the damages and injuries complained of herein.

## FOURTH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH, AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

76. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

77. The conduct and actions of Defendants GLADYS CARRION, DAPHNE ALTEMA, MARGARET ADEYELE, BAAJNARINE SINGH, MICHELLE GLATT, MARY R. O'DONOGHUE, and JAMIE HOFFMAN-ROSENFELD acting in concert, conspiratorially, and under color of law, when directing, causing, and/or allowing the continuance of unlawful Family Court proceedings, under Article 10 of the *New York State Family Court Act*, against Plaintiff BISHME ALLAH, in violation of the *New York State Social Service Law*, the *New York City Administration for Children's Services*' written protocol, and the *New York State Family Court Act*, was done intentionally, willfully, maliciously, with deliberate indifference and/or with reckless disregard for the natural and probable consequences, was done without lawful justification or reason, and caused specific serious physical and emotional suffering in violation of the Plaintiffs' rights as guaranteed under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Fifth and Fourteenth Amendments to the United States Constitution, including the right to *equal protection under the law*, and the right to *due process of law*.

78. As a direct and proximate result of the foregoing, Plaintiff BISHME ALLAH is being subjected to great physical and emotional pain, subjected to humiliation, and is otherwise being damaged and injured.

## FIFITH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

79. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding

16

paragraph as if full set forth herein.

80. The conduct and actions of Defendants WILLIAM J. BRATTON, GLADYS CARRION,
DAPHNE ALTEMA, MARGARET ADEYELE, BAAJNARINE SINGH, MICHELLE GLATT,
JOHN PHELAN, MARY R. O'DONOGHUE, PAMELA LEIGH BISHOP, and JAMIE
HOFFMAN-ROSENFELD acting in concert, conspiratorially, and under color of law, when
directing, causing, and/or allowing the *false arrest*, *unlawful search and seizure*, and *malicious
prosecution* of Plaintiff BISHME ALLAH was done intentionally, willfully, maliciously, with
deliberate indifference and/or with reckless disregard for the natural and probable consequences,
was done without lawful justification or reason, and caused specific serious physical and
emotional suffering in violation of the Plaintiffs' rights as guaranteed under 42 U.S.C. §§
1981,1983, 1985, 1986 and the Fourth, Fifth, and Fourteenth Amendments to the United States
Constitution.

81. As a direct and proximate result of the foregoing, Plaintiff BISHME ALLAH is being
subjected to great physical and emotional pain, as well as subjected to humiliation, and is
otherwise being damaged and injured.

## SIXTH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §§ 1981 (c), 1983, 1986

82. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding
paragraph as if full set forth herein.

17

83. Defendant GLADYS CARRION, while acting under color of law as the Commissioner of ACS, deprived Plaintiffs BISHME ALLAH of his right to *equal protection under the law*, and their rights to *due process of law*, as afforded by the Fifth and Fourteenth Amendments to United States Constitution.

## SEVENTH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

84. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

85. Defendant TERRI WALKER, while acting under color of law as a supervising employee for ACS, deprived Plaintiffs BISHME ALLAH of his rights to *equal protection under the law*, and their right *to due process of law*, as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

## EIGHTH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

86. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

87. Defendant BAAJNARINE SINGH, while acting under color of law as an employee for ACS, is actively depriving Plaintiffs BISHME ALLAH of his rights to *equal protection under the law*, and their right to *due process of law*, as protected by the Fifth and Fourteenth Amendments to the

18

United States Constitution.

## NINETH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

88. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

89. Defendant MARGARET ADEYELE, while acting under color of law as an employee for ACS, deprived the Plaintiff BISHME ALLAH of his rights to *equal protection under the law,* and his right to *due process of law*, as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

## TENTH CLAIM

## DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, AND 42 U.S.C. §§ 1981, 1983, 1985, 1986

90. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

91. Defendant MICHELLE GLATT, while acting under color of law as an employee for ACS is actively depriving Plaintiff BISHME ALLAH his rights to *equal protection under the law*, and their right to *due process of law*, as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH CLAIM

**DEPRIVATION OF RIGHTS UNDER THE FIFTH AND FOURTEENTH**

**AMENDMENTS, AND 42 U.S.C. §§ 1981, 1983, 1985, 1986**

92. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

93. Defendant MARY R. O'DONOGHUE, while acting under color of law as a Judge for the Family Court of the State of New York, County of Queens, and in the absence of jurisdiction, is actively depriving the plaintiffs BISHME ALLAH of HIS rights to *equal protection under the law*, and their right to *due process of law*, as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

**TWELFTH CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH**

**AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986**

94. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

95. Defendant JOHN PHELAN deprived Plaintiff BISHME ALLAH of his right to freedom from *unlawful searches and seizures, equal protection under the law,* and *due process of law*.

**THIRTEENTH CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH**

**AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986**

96. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

97. Defendant PAMELA LEIGH BISHOP deprived Plaintiff BISHME ALLAH of his right to *equal protection under the law*, and *due process of law*.

**FOURTEENTH CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE FOURTH, FIFTH, AND FOURTEENTH**

**AMENDMENTS AND 42 U.S.C. §§ 1981, 1983, 1985, 1986**

98. Plaintiffs re-allege and incorporates by reference the allegations set forth in each preceding paragraph as if full set forth herein.

99. Defendant JAMIE HOFFMAN-ROSENFELD deprived Plaintiff BISHME ALLAH of his right to protection from nongovernmental discrimination and impairment under color of law.


**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against all of the Defendants:

    a. Declaratory Relief regarding the rights of the plaintiff;

    b. Injunctive relief ending the defendant employees of ACS' abuse of the agency's executive and prosecutorial powers;

    c. Injunctive relief ending the misconduct of Defendant MARY R. O'DONOGHUE;

    d. Damages in the amount of twenty million dollars;

    e. The convening and empaneling of a jury to consider the merits of the claims herein;

    f. Such further relief as this Court may deem just and proper.

Dated: 1/21/16

Bishme Allah
193 Beach 60th Street, Suite 2
Arverne, NY 11692
Email: Bishme.Allah@Gmail.com
Phone: (347) 249-7312

Sworn to me this

21st day of JAN, 2016

Notary Public

ALLAH BUDDHA
Notary Public, State of New York
Reg. No. 01AL6129288
Qualified in Queens County
My Commission Expires June 20, 20__

Defendants' Addresses

The CITY OF NEW YORK: 100 Church Street, New York, NY 10007

The STATE OF NEW YORK: 120 Broadway, 24th Floor, New York, NY 10271

GLADYS CARRION: 150 William Street, New York, NY 10038

WILLIAM J. BRATTON: 100 Church Street, New York, NY 10007

JOHN PHELAN: 100 Church Street, New York, NY 10007

MICHELLE GLATT: 150 William Street, New York, NY 10038

DAPHNE ALTEMA: 150 William Street, New York, NY 10038

TERRI WALKER: 150 William Street, New York, NY 10038

MARGARET ADEYELE: 150 William Street, New York, NY 10038

BAAJNARINE SINGH: 150 William Street, New York, NY 10038

MARY R. O'DONOGHUE: 120 Broadway, 24th Floor, New York, NY 10271

PAMELA LEIGH BISHOP: 120 Broadway, 24th Floor, New York, NY 10271

22

JAMIE HOFFMAN-ROSENFELD: 112-25 Queens Blvd, 3rd Floor, Forest Hills, NY 11375

NORTH SHORE-LIJ HEALTH SYSTEM: 270-05 76th Ave, New Hyde Park, NY 11040